UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDWARD P. MAY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-459-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, ET AL., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Edward May is confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, May filed a civil rights Complaint in which he claims, among other things, that the defendants displayed deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution.  [Record No. 1]

The Court will dismiss May's Complaint because it is apparent that he has not yet fully exhausted his administrative remedies.  *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007) (a district court may sua sponte dismiss a complaint when it is apparent from the face of the complaint that a claim is barred by an affirmative defense); *Fletcher v. Myers*, No. 5:11-cv-141-KKC (E.D. Ky. 2012), *aff'd*, No. 12-5630 (6th Cir. 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").  Indeed, May indicated in his Complaint form that he only filed a request for an administrative remedy with the Warden and did not appeal that matter to either the Bureau of Prisons' (BOP's) Regional Director or General Counsel. [Record No. 1 at 7]  Then, when May was asked why he did not file those grievances, he simply

said, "the administrative process has been compromised, and is not required when the complaints are for imminent danger." [Record No. 1 at 9]

Ultimately, exhaustion is mandatory under the Prisoner Litigation Reform Act, *see Jones*, 549 U.S. at 216, and May cites no legal authority to excuse his failure to fully exhaust his administrative remedies. Additionally, while May claims the "administrative process has been compromised," he does not explain this assertion in any meaningful way, and he offers no evidence to support the implication that he was prevented from appealing his grievances to higher levels within the BOP. Finally, although May suggests that he is in "imminent danger," he has made this same claim for over two years, *see May v. Quintana*, No. 5:15-cv-182 (E.D. Ky. 2015), and he fails to explain why he has not at least attempted to utilize the BOP's expedited exhaustion procedures for sensitive issues. Accordingly, it is hereby

**ORDERED** as follows:

1.  May's Complaint [Record No. 1] is **DISMISSED**, without prejudice.

2.  Any and all pending motions are **DENIED** as moot.

3.  This action is **STRICKEN** from the Court's docket.

4.  A corresponding judgment will be entered this date.

This 4th day of December, 2017.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**